USCA1 Opinion

 

 August 4, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 94-1004 PHILLIP S. KING, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert E. Keeton, U.S. District Judge] ___________________ ___________________ Before Torruella, Selya and Stahl, Circuit Judges. ______________ ___________________ Phillip S. King on brief pro se. _______________ Donald K. Stern, United States Attorney, and Sheila W. _________________ __________ Sawyer, Assistant United States Attorney, on brief for appellee. ______ __________________ __________________ Per Curiam. Appellant, Phillip King, appeals pro __________ se from a judgment of the district court denying his motion under 28 U.S.C. 2255 to vacate, set aside, or correct his sentence. In his opening brief, he alleges two grounds for relief: (1) the government breached the plea agreement in taking the position that the appropriate offense section under the Sentencing Guidelines is U.S.S.G. 2A2.2 for "aggravated assault"; and (2) the district court erred as a matter of law by using 2A2.2 to calculate his base offense level. The government argues, inter alia, that we should _____ ____ dismiss the instant appeal because appellant's failure to pursue a direct appeal constitutes a procedural default, and appellant has made no showing of "cause and prejudice" under United States v. Frady, 456 U.S. 152 (1982) (applying "cause _____________ _____ and prejudice" test to procedural defaults in 2255 context). Appellant replies that he did not appeal his sentence because the district court (and defense counsel) failed to advise him of his right to do so, thereby depriving him of his right to a direct appeal. See Fed. R. Crim. P. ___ 32(a)(2) (imposing a duty on the sentencing court to advise the defendant of any right to appeal the sentence following a guilty plea). We bypass the issue of waiver because we are persuaded, for the reasons articulated by the district court, that appellant's claims in his opening brief are without -2- merit. See, e.g., Murchu v. United States, 926 F.2d 50, 53 ___ ____ ______ _____________ n.4 (1st Cir.) (per curiam) (declining to address question of procedural default where appellant's 2255 filings established that his claim was meritless), cert. denied, 112 ____________ S. Ct. 99 (1991). We do not address appellant's argument in his reply brief that he was deprived of the right to direct appeal because this argument was neither presented below nor raised on appeal in a timely fashion. See, e.g., Sandstrom ___ ____ _________ v. Chemlawn Corp., 904 F.2d 83, 86 (1st Cir. 1990) (arguments ______________ not made to the district court or in the opening brief are waived). However, our affirmance of the judgment below is without prejudice to appellant's right to file a new 2255 motion on this latter ground. Affirmed. ________ -3-